1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE WILLIAM PACK,                    )    1:08-cv-01723-JMD-HC
                                              )
11              Petitioner,                    )    ORDER DISMISSING PETITION WITH
                                              )    PREJUDICE
12         v.                                  )
                                              )    ORDER DIRECTING CLERK OF COURT
13   NEIL ADLER,                               )    TO ENTER JUDGMENT
                                              )
14              Respondent.                    )
     _____ )
15

16         Petitioner Clarence William Pack ("Petitioner") is a federal prisoner proceeding with a

17   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18                                    **Introduction**

19         On November 13, 2007, Petitioner was sentenced to twenty-one months incarceration in

20   connection with his federal conviction for money laundering.  (Pet. at 2).

21         Petitioner filed the instant petition for writ of habeas corpus on November 10, 2008. (Doc. 1).

22   Respondent filed an answer on April 20, 2009.  (Doc. 11).

23         Both Petitioner and Respondent have consented to Magistrate jurisdiction pursuant to 28

24   U.S.C. § 636(c)(1).  (Docs. 4, 5).

25                                **Factual Background**

26         The instant petition does not challenge Petitioner's conviction or sentence.  Rather, Petitioner

27   contends that the Bureau of Prisons (BOP) is executing Petitioner's sentence in a way that violates

28   federal law because the BOP refuses to consider Petitioner for twelve-month placement in a halfway

1  house ("RRC").[1] Petitioner contends that the BOP's refuses to give him "meaningful" consideration

2  for placement in an RRC due to the amount of time left on Petitioner's sentence. (Pet. at 8).

3      It appears that Petitioner may have already been released from federal custody. The petition

4  indicates that Petitioner's projected release date was July 16, 2009. (Pet. at 3). Neither Respondent

5  nor Petitioner have apprised the Court of Petitioner's current custody status. In any event,

6  Respondent's answer reveals that Petitioner received due consideration for placement in an RRC on

7  March 19, 2009. (Answer, Attachment 4). As Petitioner has already received the relief requested in

8  this petition, this action is now moot.

9                                    **Discussion**

10 **I.    Jurisdiction and Venue**

11     Writ of habeas corpus relief extends to a person in custody under the authority of the United

12 States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or

13 constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

14 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

15 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v.*

16 *Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and

17 2241). Unlike section 2255, section 2241 does not contain language limiting jurisdiction under

18 section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare*

19 *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not

20 cognizable under section 2255 because petitioner was not claiming right to be released) *with*

21 *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount

22 of fine payments cognizable under section 2241's execution clause). Accordingly, section 2241 may

23 be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek

24 release or to shorten the duration of his confinement. *See, e.g., Rodriguez*, 541 F.3d at 1182; *Montez*

25 *v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to

26

27     [1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as
28 "CCC's" under BOP regulations. *See, e.g.,Rodriguez,* 541 F.3d at 1181 n.1. Petitioner employs the acronym CCC throughout the petition.

1    a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also*

2    *Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to

3    amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008)

4    (entertaining section 2241 challenging to restitution schedule).  Federal courts have jurisdiction to

5    entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to section

6    2241.  *See Rodriguez*, 541 F.3d at 1182 (affirming district court's grant of habeas relief under section

7    2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

8            At the time he filed the instant petition, Petitioner was incarcerated at Taft Correctional

9    Institution, which is within the territorial jurisdiction of the Eastern District of California.  28 U.S.C.

10   § 84.  Accordingly, the Eastern District is the appropriate venue for Petitioner's action.  28 U.S.C. §

11   2241(c)(3).

12   **II.     Mootness**

13          Mootness is jurisdictional.  *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098

14   (9th Cir. 2000).  A habeas petition is moot where a petitioner's claim for relief cannot be redressed

15   by a favorable decision of the court issuing a writ of habeas corpus.  *Burnett v. Lampert*, 432 F.3d

16   996, 1000-01 (9th Cir. 2005) (quoting  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Without a live

17   "case or controversy," the Court lacks jurisdiction over this matter.

18          Respondent's answer reveals that Petitioner received full consideration for placement in an

19   RRC on March 19, 2009 in connection with his Program Review.  (Answer, Attachment 4).

20   Petitioner was scheduled to be transferred to an RRC in Las Vegas, Nevada on June 18, 2009. (Id.).

21   Although neither party has updated the Court as to whether or not Petitioner was actually transferred

22   to an RRC as planned, it is clear that Petitioner has received the relief sought in the petition–a

23   meaningful evaluation for transfer to an RRC-- because he was approved for placement in an RRC.

24   Accordingly, because the Court cannot fashion any further relief to remedy Petitioner's alleged

25   injury, this action is moot and must be dismissed for lack of subject matter jurisdiction.

26   ///

27   ///

28   ///

## Order

For the foregoing reasons, IT IS ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED, with prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    December 18, 2009**            **/s/ John M. Dixon**
                                           UNITED STATES MAGISTRATE JUDGE